

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 16, 1973

The Honorable Bob Armstrong
Land Commissioner
General Land Office
Austin, Texas 78701

Opinion No. H- 129

Re: The purchase of
excess acreage under
Article 5421ₛc

Dear Mr. Armstrong:

You have asked this office for an opinion concerning the following fact situation: On February 14, 1973, an individual made application to purchase excess acreage under the provisions of Article 5421-c, V.T.C.S. At the time of making this application the applicant was in the process of selling his 1200-acre ranch and the surveyor had determined that, while a survey of a portion of the ranch was patented for 320 acres, it contained 775.49 acres. The applicant owns 59/100ths of the acreage. There are two other owners involved.

Your department's personnel have concluded that there are 455.59 acres of excess acreage in the survey. After the excess acreage had been appraised and a report presented to the School Land Board, the applicant appeared before the Board and asked the Board to permit him to purchase his fractional part of the excess.

You further advise that the School Land Board has never permitted an applicant to purchase a fractional part of the excess acreage in cases where he did not own all the acreage within the patented survey. You have asked that we advise the School Land Board whether it has the right under Article 5421c-1, V.T.C.S., to permit the applicant to purchase his proportionate part of the excess acreage and to issue a deed of acquittance covering that acreage.

Article 5421c-1, V.T.C.S., provides:

> "In all cases where the area of a tract of land titled or patented exceeds the quantity called for in the title or patent, and where under the existing law the title to all or any part thereof shall or may be affected by the existence of such excess, then any person owning such survey or having an interest therein may pay for such excess acreage, at such price as the empowered authority may fix. Any person owning any interest in a titled or patented survey in which excess acreage exists who desires to pay for such excess acreage, shall file with the Land Commissioner a request for an appraisement of the land with corrected field notes in the form now provided by law, together with a statement of the facts pertaining to his right to purchase, which statement shall be sworn to, and such other evidence of his right to purchase as the Commissioner may require. Should it appear that such excess actually exists and that the applicant is entitled to the benefits of the law, then the Commissioner shall execute a deed of acquittance covering such land in the name of the original patentee or his assignees with such reservation of minerals or with no mineral reservation, accordingly as may have been the case when the survey was titled or patented. Such transfer shall inure distributively to the benefit of the true and lawful owners of the survey in proportion to their holdings."

The legislative intent in the enactment of the quoted statute is not entirely free of question. The statute refers to "excess" in terms of the entire survey or patented area. The phrase "any person owning any interest in a titled or patented survey" indicates that the Legislature contemplated ownership of less than the entire area, but in discussing the payment for such excess and the "deed of acquittance covering the land" the Legislature speaks in terms of the entire excess.

The last sentence in the statute that, "Such transfer shall inure distributively to the benefit of the true and lawful owners of the survey in proportion to their holdings," strongly indicates that the Legislature in-

tended that the School Land Board issue one deed covering the entire excess and leave questions of title and equity to the respective owners.

In Foster v. Duval County Ranch Company, 260 S. W. 2d 103 (Tex. Civ. App., San Antonio, 1953, error ref'd., n. r. e.), the court stated that the acceptance of a deed of acquittance by an owner of land containing excess acreage "inured to the benefit of the owners, whoever they may be." (260 S. W. 2d at 108).

We feel that, had the Legislature intended that the School Land Board be in the position of deciding questions of title and equity with reference to patented lands with excess acreage, it would have expressly so provided in the statute. In the absence of such an express provision, it is our opinion that a sale of only a part of excessive acreage would not conform to the provisions of Article 5421c-1, V. T. C. S.

## SUMMARY

The owner of title to a fractional interest in
a patented survey less than total is not entitled to
purchase only his proportionate share of the excess
acreage in the survey, under Article 5421c-1, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee